**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID E. WALKER, JR.,**

      **Plaintiff,**                      **CASE NO.:**

**v.**

**TITAN FLORIDA, LLC,**           **JURY TRIAL DEMANDED**
                                  **COMPLAINT FOR DAMAGES**

      **Defendant.**

_____/

## COMPLAINT

Plaintiff, David E. Walker, Jr., sues Defendant, Titan Florida, LLC., and states as follows:

## GENERAL ALLEGATIONS

1.      Defendant, Titan Florida, LLC. ("Defendant"), is a foreign Corporation engaged in business in Hillsborough County, Florida.

2.      Plaintiff, David E. Walker, Jr. ("Plaintiff"), is a former employee of Defendant Titan who, at all times herein, worked and resided in Hillsborough County, Florida.

3.      At all times relevant, Plaintiff was an employee of Defendant working at the 7801 Industrial Lane, Tampa Florida, location.

4.      This court has federal question jurisdiction.

5.      At all times relevant hereto, Plaintiff's performance was more than satisfactory.

6.      At all times relevant hereto, Plaintiff worked as a driver, a position he held until he was discharged.

7.      At all times relevant, Plaintiff suffered from a chronic medical impairment that substantially limited one or more of his major life activities.

8.      Plaintiff was hired as a concrete truck driver in April of 2019.

9.     From early on in his employment and throughout his employment, Plaintiff was subjected to a frequent abuse and harassment based on his race, including, but not limited to, having his White supervisor call him a monkey, having the same supervisor dance around Plaintiff pretending to be a monkey, mocking Plaintiff about eating bananas (referencing that Plaintiff was a monkey) and many other offensive actions based on Plaintiff being Black. These offensive comments were frequent and pervasive.

10.    Because the offensive comments continued, Plaintiff eventually complained of racial harassment to human resources. Despite the complaint, the racial hostility continued.

11.    In the Spring of 2020, Plaintiff required surgery for lung cancer which was a long-term, medical condition. Plaintiff's pre-and-post surgery lung condition causes severe pain and substantially restricts Plaintiff's ability to perform several major life functions.

12.    Prior to surgery, Plaintiff requested intermittent FMLA and requested a reasonable accommodation of time off as needed for his disability.

13.    Defendant denied Plaintiff's request because he had not been working for a full year at the time of the request; however, Defendant did not start FMLA paperwork for intermittent FMLA to begin once his one-year anniversary came. Moreover, Defendant granted such leave to a younger White driver with less tenure than Defendant.

14.    In April 2020, Plaintiff missed days for surgery for his lung cancer. Plaintiff also had to call out later in April for two days in a row due to pain from his surgery and cancer.

15.    Even though Plaintiff had requested intermittent FMLA, which Defendant had denied, and even though Plaintiff's missed days were needed due to his disability as an accommodation, Defendant nonetheless disciplined and suspended Plaintiff for absences.

16.    These absences would have been FMLA covered had Defendant processed the initial FMLA request and were needed to accommodate Plaintiff's disability. Moreover, Defendant

did not discipline a younger White driver for the same supposed policy violation.

17.     In early September 2020, Plaintiff again put in for intermittent FMLA for his medical disability.

18.     Defendant had Plaintiff get FMLA forms filled out by a doctor, and, on September 25, 2020, Plaintiff's doctor filled out the request which was provided to Defendant.

19.     On October 22, 2020, Defendant sent Plaintiff a letter asking for more medical documentation for the intermittent FMLA and ADA leave ("October 22 letter").

20.     On October 28, 2020, before the October 22 letter could be acted on, Defendant fired Plaintiff for pretextual reasons.  Defendant did not fire younger White drivers for the same supposed violations.

21.     The discharge happened soon after Plaintiff's second FMLA requests and intermittent ADA leave request and occurred around two months after Defendant's racial harassment complaint to Defendant's Human Resources Department.

22.     The allegations in paragraphs 5-21 above represent only a fraction of the discriminatory treatment and conduct by Defendant directed at Plaintiff.

## COUNT I
## Title VII – Discrimination

23.     Plaintiff realleges paragraphs 1 through 22 as if fully alleged herein.

24.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

25.     At all times relevant, Defendant employed over 15 employees.

26.     Plaintiff, at all times relevant, was a black male.

27.     Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff to disparate treatment in violation of Title VII and

the ADEA based on his race.

28.     The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff's employment and interfered with Plaintiff's emotional well-being.

29.     Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 5 through 22.

30.     As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff from further discrimination, Plaintiff suffered emotional distress.

31.     Defendant violated Title VII by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 5 through 22.

32.     Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

33.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against him which are not yet fully known.

34.     Plaintiff has filed a Charge of Discrimination with the EEOC which issued a Right to Sue. Plaintiff has exhausted his administrative remedies.

35.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish, and emotional distress, and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

4

36.     As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff requests that attorneys' fees and costs be awarded pursuant to Title VII and federal law.

37.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for his rights and with the intent, design and purpose of injuring him. Plaintiff is further informed and believes that Defendant, through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

38.     Plaintiff demands trial by jury on all issues to triable.

WHEREFORE, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), damages for emotional distress, pain and suffering, mental anguish, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT II
## Title VII – Harassment

39.     Plaintiff realleges paragraphs 1 through 22 as if fully alleged herein.

40.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

41.     At all times relevant, Defendant employed over 15 employees.

5

42.    Plaintiff, at all times relevant, was a black male.

43.    Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff to severe or pervasive harassment in violation of Title VII based on his race.

44.    The above-described harassing conduct adversely affected the terms and conditions of Plaintiff's employment and interfered with Plaintiff's emotional well-being.

45.    Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 5 through 22.

46.    As a result of the harassing actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff from further discrimination, Plaintiff suffered emotional distress.

47.    Defendant violated Title VII by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 5 through 22.

48.    Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

49.    Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against him which are not yet fully known.

50.    Plaintiff has filed a Charge of Discrimination with the EEOC which issued a Right to Sue. Plaintiff has exhausted his administrative remedies.

51.    As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering,

mental anguish, and emotional distress, and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

52.     As a further direct and proximate result of Defendant's violation of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.  Plaintiff requests that attorneys' fees and costs be awarded pursuant to Title VII and federal law.

53.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for his rights and with the intent, design and purpose of injuring him. Plaintiff is further informed and believes that Defendant, through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

54.     Plaintiff demands trial by jury on all issues to triable.

WHEREFORE, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), damages for emotional distress, pain and suffering, mental anguish, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT III
## Title VII – Retaliation

55.     Plaintiff realleges paragraphs 1 through 22 as if fully alleged herein.

56.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

57.     At all times relevant, Defendant employed over 15 employees.

58.     Plaintiff has made race harassment complaints to Defendant's Human Resource Department.  These complaints constitute protected activity under Title VII.

59.     Defendant engaged in retaliation against Plaintiff after he complained when it fired him soon after complaining.

60.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against him which are not yet fully known.

61.     As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress, and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

62.     Plaintiff has filed a charge of discrimination for retaliation with the EEOC which has issued a Right to Sue.  Plaintiff has exhausted his administrative remedies.

63.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring him.  Plaintiff is further informed and believes that Defendant, through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

64.     As a further, direct and proximate result of Defendant's violation of Title VII as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of his employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him.  Plaintiff requests that attorneys' fees and costs be awarded pursuant to Title VII and federal law.

65.     Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), damages for emotional distress, pain and suffering, mental anguish, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT IV
## ADEA – Discrimination

66.     Plaintiff realleges paragraphs 1 through 22 as if fully alleged herein.

67.     This action is brought pursuant to the Age Discrimination in Employment Act ("ADEA").

68.     At all times relevant, Defendant employed over 20 employees.

69.     Plaintiff, at all times relevant, was 50 years of age.

70.     Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff to disparate treatment in violation of the ADEA based on his age.

71.     The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff's employment and interfered with Plaintiff's emotional well-being.

72.     Defendant, at all times relevant hereto, had actual and constructive knowledge of

9

the conduct described in paragraphs 5 through 22.

73.     As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff from further discrimination, Plaintiff suffered emotional distress.

74.     Defendant violated the ADEA by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 5 through 22.

75.     Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

76.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against him which are not yet fully known.

77.     Plaintiff has filed a Charge of Discrimination with the EEOC which issued a Right to Sue. Plaintiff has exhausted his administrative remedies.

78.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress, and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

79.     As a further direct and proximate result of Defendant's violation of the ADEA, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are

presently unknown to Plaintiff. Plaintiff requests that attorneys' fees and costs be awarded pursuant to the ADEA and federal law.

80.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for his rights and with the intent, design and purpose of injuring him. Plaintiff is further informed and believes that Defendant, through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

81.     Plaintiff demands trial by jury on all issues to triable.

WHEREFORE, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), damages for emotional distress, pain and suffering, mental anguish, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT V
## ADA – Discrimination

82.     Plaintiff realleges paragraphs 1 through 22 as if fully alleged herein.

83.     This action is brought pursuant to the Americans With Disabilities Act ("ADA").

84.     At all times relevant, Defendant employed over 15 employees.

85.     Plaintiff, at all times relevant, was disabled, had a history of disability, and was regarded as disabled by Defendant.

86.     Defendant, through its agents or supervisors, engaged in a pattern and practice of unlawful discrimination by subjecting Plaintiff to disparate treatment in violation of the ADA based on his disability.

87.     The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff's employment and interfered with Plaintiff's emotional well-being.

88.     Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 5 through 22.

89.     As a result of the discriminatory actions perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff from further discrimination, Plaintiff suffered emotional distress.

90.     Defendant violated the ADA by failing to adequately supervise, control, discipline and/or otherwise penalize the conduct, acts and failures to act of its employees and management as described in paragraphs 5 through 22.

91.     Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

92.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against him which are not yet fully known.

93.     Plaintiff has filed a Charge of Discrimination with the EEOC which issued a Right to Sue. Plaintiff has exhausted his administrative remedies.

94.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress, and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

95.     As a further direct and proximate result of Defendant's violation of the ADA, as

heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.  Plaintiff requests that attorneys' fees and costs be awarded pursuant to the ADA and federal law.

96.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for his rights and with the intent, design and purpose of injuring him. Plaintiff is further informed and believes that Defendant, through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

97.     Plaintiff demands trial by jury on all issues to triable.

WHEREFORE, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), damages for emotional distress, pain and suffering, mental anguish, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT VI
## ADA – Failure to Accommodate

98.     Plaintiff realleges paragraphs 1-22 as if fully alleged herein.

99.     This action is brought pursuant to the Americans With Disabilities Act ("ADA").

100.    At all times relevant, Defendant employed over 15 employees.

101.    Plaintiff, at all times relevant, was disabled and/or was regarded as disabled by Defendant.

102.    Plaintiff has filed a Charge of Discrimination with the EEOC which issued a Right to Sue. Plaintiff has exhausted his administrative remedies.

103.    Defendant, through its agents and/or supervisors, engaged in a pattern and practice of unlawful discrimination by failing to make reasonable accommodations for Plaintiff's disability. Rather than allow Plaintiff intermittent medical leave as an accommodation, Defendant suspended, disciplined and fired Plaintiff for disability related absences and for actions not subject to discipline or discharge when done by non-disabled employees.

104.    The above-described discriminatory conduct adversely affected the terms and conditions of Plaintiff' employment.

105.    Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described in paragraphs 5 through 22.

106.    As a result of Defendant's failure to accommodate Plaintiff, Plaintiff suffered emotional distress.

107.    Defendant violated the ADA by failing to adequately make reasonable accommodations for Plaintiff in the workplace.

108.    Defendant failed to comply with its statutory duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

109.    Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other discriminatory practices against him which are not yet fully known.

110.    As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress, and he has suffered and will continue to suffer a loss of

earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

111.    Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for his rights and with the intent, design and purpose of injuring him. Plaintiff is further informed and believes that Defendant, through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

112.    As a further direct and proximate result of Defendant's violation of the ADA, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff requests that attorneys' fees and costs be awarded pursuant to the ADA and federal law.

113.    Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), damages for emotional distress, pain and suffering, mental anguish, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT VII
## ADA – Retaliation

114.    Plaintiff realleges paragraphs 1 through 22 as if fully alleged herein.

115.    This action is brought pursuant to the Americans With Disabilities Act ("ADA").

116.     At all times relevant, Defendant employed over 15 employees.

117.     Plaintiff has repeatedly requested reasonable commendations and has complained to Defendant about his suspension due to his disability. These complaints constitute protected activity under the ADA.

118.     Defendant engaged in retaliation against Plaintiff after he complained and after he sought a reasonable accommodation for his qualifying disability when it fired him.

119.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against him which are not yet fully known.

120.     As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff has suffered and will continue to suffer pain and suffering, mental anguish and emotional distress, and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

121.     Plaintiff has filed a charge of discrimination for retaliation with the EEOC which has issued a Right to Sue.  Plaintiff has exhausted his administrative remedies.

122.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with oppression and malice, with a conscious disregard for her rights and with the intent, design and purpose of injuring him.  Plaintiff is further informed and believes that Defendant, through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of its employees and managers. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

123.     As a further, direct and proximate result of Defendant's violation of the ADA as

16

heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of his employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him.  Plaintiff requests that attorneys' fees and costs be awarded pursuant to the ADA and federal law.

124.    Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), damages for emotional distress, pain and suffering, mental anguish, punitive damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT VIII
## FMLA – Discrimination

125.    Plaintiff realleges paragraphs 1 through 22 as if fully alleged herein.

126.    This action is brought pursuant to the Family Medical Leave Act, 29 U.S.C. Chapter 28 ("FMLA").

127.    Defendant's actions of firing Plaintiff for needing FMLA leave constituted unjustified discrimination against Plaintiff in violation of the FMLA.

128.    Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 5 through 22.

129.    As a result of the unlawful actions perpetrated by Defendant, Plaintiff sustained monetary damages.

130.    Defendant failed to act in good faith when it violated the FMLA.  Plaintiff is entitled to liquidated damages equal to his compensatory damages.

131.    In addition, Plaintiff is entitled to reinstatement or front pay damages plus

additional liquidated damages.

132.    Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other interfering practices against him which are not yet fully known.

133.    As a direct and proximate result of Defendant's interference Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to compensatory damages and liquidated damages in amounts to be proven at trial.

134.    As a further direct and proximate result of Defendant's violation of the FMLA as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to redress his rights under the FMLA and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.  Plaintiff requests that attorneys' fees and costs be awarded pursuant to the FMLA.

135.    Plaintiff demands trial by jury on all issues to triable.

WHEREFORE, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT IX
## FMLA – FMLA Interference

136.    Plaintiff realleges paragraphs 1 through 22 as if fully alleged herein.

137.    This action is brought pursuant to the Family Medical Leave Act, 29 U.S.C. Chapter 28 ("FMLA").

138.    Defendant's actions of refusing to process Plaintiff's FMLA paperwork for

intermittent leave to be needed after Plaintiff was FMLA eligible thereby wrongfully denying Plaintiff leave and Defendant's action of not approving Plaintiff's FMLA request in the Fall of 2020, requiring more paperwork and firing Plaintiff during the process, constituted unjustified interference with Plaintiff's rights under the FMLA.

139.    Defendant, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 5 through 22.

140.    As a result of the unlawful actions perpetrated by Defendant, Plaintiff sustained monetary damages.

141.    Defendant failed to act in good faith when it violated the FMLA.  Plaintiff is entitled to liquidated damages equal to his compensatory damages.

142.    In addition, Plaintiff is entitled to reinstatement or front pay damages plus additional liquidated damages.

143.    Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other interfering practices against him which are not yet fully known.

144.    As a direct and proximate result of Defendant's interference, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to compensatory damages and liquidated damages in amounts to be proven at trial.

145.    As a further direct and proximate result of Defendant's violation of the FMLA as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to redress his rights under the FMLA and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.  Plaintiff requests that attorneys' fees and costs be awarded pursuant to the FMLA.

146.    Plaintiff demands trial by jury on all issues to triable.

WHEREFORE, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement), liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and such other relief as this Court deems proper.

## COUNT X
## FMLA – Retaliation

147.    Plaintiff realleges paragraphs 1 through 22 as if fully alleged herein.

148.    This action is brought pursuant to the Family Medical Leave Act, 29 U.S.C. Chapter 28 ("FMLA").

149.    Plaintiff has requested and submitted paperwork for intermittent FMLA leave.  The request constitutes protected activity under the FMLA.

150.    Defendant engaged in retaliation against Plaintiff after he requested intermittent FMLA when it refused to process the FMLA request and then fired Plaintiff.

151.    Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant has engaged in other retaliatory practices against him which are not yet fully known.

152.    As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to compensatory damages in amounts to be proven at trial.  Plaintiff is also entitled to reinstatement (of front pay damages) and liquidated damages.

153.    As a further, direct and proximate result of Defendant's violation of the FMLA as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to

enforce the terms and conditions of his employment relationship with Defendant, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to him. Plaintiff requests that attorneys' fees and costs be awarded pursuant to the FMLA.

154.    Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays this Court award judgment in his favor against Defendant for compensatory damages including back pay, front pay (or reinstatement) and liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs and such other relief as this Court deems proper.

Dated:  May 24, 2022                          Respectfully Submitted,

                                              /s/ James M. Thompson
                                              JAMES M. THOMPSON, ESQUIRE
                                              Florida Bar No.: 0861080
                                              jmthompsonlegal@gmail.com
                                              ANTONIO DOWELS, ESQUIRE
                                              Florida Bar No.: 1003436
                                              adthompsonlegal@gmail.com
                                              mkthompsonlegal@gmail.com
                                              agthompsonlegal@gmail.com
                                              clerk.thompsonlegal@gmail.com
                                              THOMPSON LEGAL CENTER, LLC.
                                              777 S. Harbour Island Blvd., Suite 245
                                              Tampa, Florida 33602
                                              (813) 769-3900 ▪ (813) 425-3999 Fax
                                              Attorneys for the Plaintiff